UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOGUSLAW HUK and JAN MLYNARSKI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against -<br><br>NJ ALE HOUSE, LLC, NJ ALE HOUSE II, LLC, NJ ALE HOUSE III, LLC, ATKINS CONSTRUCTION GROUP, LLC, GRZEGORZ CHYBOWSKI, KOSTA GIANOPOULOS, and ANASTASIA GIANOPOULOS,<br><br>Defendants. | DOCKET NO.: 23-cv-0568<br><br>**COMPLAINT** |

**NATURE OF THE ACTION**

1. Plaintiffs, BOGUSLAW HUK and JAN MLYNARSKI, (collectively "Plaintiffs") bring this action against Defendants, NJ ALE HOUSE, LLC, NJ ALE HOUSE II, LLC, NJ ALE HOUSE III, LLC, ATKINS CONSTRUCTION GROUP, LLC, GRZEGORZ CHYBOWSKI, KOSTA GIANOPOULOS, and ANASTASIA GIANOPOULOS, (collectively "Defendants") to seek redress for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, the New Jersey Wage Payment Law N.J.S.A. 34:11-1, *et. seq.*, the New Jersey Wage Payment Law N.J.S.A. 34:11-56a, *et. seq.*, and/or the New Jersey Wage Theft Law, N.J.S.A., 34:11-56a, *et. seq.*, and applicable regulations.

2. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated who elect to opt into this action pursuant to FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims set forth herein pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because these claims involve federal questions regarding the deprivation of their rights under federal law.

4. This Court has supplemental jurisdiction over the New Jersey Wage Payment Law claims set forth herein pursuant to 28 U.S.C. § 1367 because these claims closely relate to the federal claims under FLSA and having arisen from a common nucleus of operative facts such that they form part of the same case or controversy.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants, NJ ALE HOUSE, LLC, NJ ALE HOUSE II, LLC, and NJ ALE HOUSE III, LLC, operate their business therein, and Defendants, KOSTA GIANOPOULOS, and ANASTASIA GIANOPOULOS, are residents of the State of New Jersey.

## PARTIES

6. Plaintiff, BOGUSLAW HUK, ("Mr. Huk") is a 64-year-old Polish immigrant who resides in the State of New York.

7. Plaintiff, JAN MLYNARSKI ("Mr. Mlynarski") is a 47-year-old Polish immigrant who resides in the State of New Jersey.

8. Plaintiffs both consent in writing to be parties in this action pursuant to 29 U.S.C. § 216(b). Their written consents are attached hereto and incorporated by reference.

9. Defendant, NJ ALE HOUSE, LLC, is a corporation registered and authorized to do business in the State of New Jersey.

10. Defendant, NJ ALE HOUSE II, LLC, is a corporation registered and authorized to do business in the State of New Jersey.

11. Defendant, NJ ALE HOUSE III, LLC, is a corporation registered and authorized to do business in the State of New Jersey.

12. Defendant, ATKINS CONSTRUCTION GROUP, LLC is a Connecticut corporation registered and authorized to do business in the State of New Jersey.

13. Upon information and belief, Defendant, KOSTA GIANOPOULOS, is the Chief Executive Officer of Defendant, NJ ALE HOUSE, LLC. They are sued in their individual capacity as Plaintiffs' employer.

14. Upon information and belief, Defendant, KOSTA GIANOPOULOS, is the Chief Executive Officer of Defendant, NJ ALE HOUSE II, LLC. They are sued in their individual capacity as Plaintiffs' employer.

15. Upon information and belief, Defendant, KOSTA GIANOPOULOS, is the Chief Executive Officer and principal of Defendant, NJ ALE HOUSE III, LLC. They are sued in their individual capacity as Plaintiffs' employer.

16. Upon information and belief, Defendant, ANASTASIA GIANOPOULOS, is the Chief Executive Officer and principal of Defendant, NJ ALE HOUSE, LLC. They are sued in their individual capacity as Plaintiffs' employer.

17. Upon information and belief, Defendant, ANASTASIA GIANOPOULOS, is the Chief Executive Officer and principal of Defendant, NJ ALE HOUSE II, LLC. They are sued in their individual capacity as Plaintiffs' employer.

18. Upon information and belief, Defendant, ANASTASIA GIANOPOULOS, is the Chief Executive Officer and principal of Defendant, NJ ALE HOUSE III, LLC. They are sued in their individual capacity as Plaintiffs' employer.

19. Upon information and belief, Defendant, GRZEGORZ CHYBOWSKI, is the Chief Executive Officer and principal of Defendant, ATKINS CONSTRUCTION GROUP, LLC. They are sued in their individual capacity as Plaintiffs' employer.

20. At all times relevant and material to this action, Defendants employed each Plaintiff to work at various locations throughout the State of New Jersey and the State of New York and have been Plaintiffs' employers within the meaning of the FLSA and the New Jersey Wage Payment Law.

21. As set forth below, and at all times relevant and material to this action, Defendants constituted Plaintiffs "employers" under the FLSA and the New Jersey Wage Payment Law in that they had the power to hire and dismiss Plaintiffs, control the terms and conditions of their employment, maintain employment records, and determine the rate and method of compensation provided to them.

22. Upon information and belief, and as described below, Defendants, NJ ALE HOUSE, LLC, NJ ALE HOUSE II, LLC, NJ ALE HOUSE III, LLC, constitute "enterprises" under the FLSA engaged in commerce whose gross annual revenue is at least five hundred thousand dollars ($500,000.00).

23. Upon information and belief, and as described below, Defendant, ATKINS CONSTRUCTION GROUP, LLC, constitute an enterprise engaged in commerce whose gross annual revenue is at least five hundred thousand dollars ($500,000.00).

24. As more fully set forth below, Plaintiffs have been regularly involved in interstate commerce as Defendants employees by handling goods and materials that moved in commerce and originated out of state including, but not limited to, construction materials and equipment originating from out of state.

## COLLECTIVE ACTION ALLEGATIONS

25. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows: "All persons who are or were employed by Defendants in the United States at any time since February 1, 2020, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt laborers within the meaning of the FLSA, and who were not paid their wages or overtime compensation for all hours worked in excess of forty hours per week (the "Collective Action Members").

26. The Collective Action Members are similarly situated to Plaintiffs in that they were employed by Defendants as non-exempt laborers and were denied their wages or overtime pay.

27. The Collective Action Members are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay their wages or overtime pay.

28. Plaintiffs and the Collective Action Members perform or performed the same primary duties and were subjected to the same policies and practices by Defendants.

29. The exact number of such individuals is presently unknown and can be ascertained through discovery.

## FACTS

30. At all relevant times herein, Defendants, NJ ALE HOUSE, LLC, NJ ALE HOUSE II, LLC, NJ ALE HOUSE III, LLC, operated restaurants and upscale sports bars at different locations in the State of New Jersey and the State of New York.

31. Defendants, NJ ALE HOUSE, LLC, NJ ALE HOUSE II, LLC, NJ ALE HOUSE III, LLC, website reads that their restaurants and bars are, "one of New Jersey and New York's premier destinations – family restaurants by day, and an unforgettable night experience after dark, featuring one of the biggest bars in the tri-state area."

32. At all relevant times herein, Defendant, ATKINS CONSTRUCTION GROUP, LLC, operated in the construction industry.

33. At all relevant times herein, Defendant, ATKINS CONSTRUCTION GROUP, LLC, performed construction and renovation work at Defendants, NJ ALE HOUSE, LLC, NJ ALE HOUSE II, LLC, NJ ALE HOUSE III, LLC's, restaurants and bars in the State of New Jersey.

34. Defendants, NJ ALE HOUSE, LLC, NJ ALE HOUSE II, LLC, NJ ALE HOUSE III, LLC, often directly paid Plaintiffs, as well as directly supervised Plaintiffs work, during Plaintiffs' shifts as laborers at the New Jersey locations referenced in paragraph "33," *supra*. At other times during their shifts at said New Jersey locations, Plaintiffs were directly paid, and directly supervised, by Defendant, ATKINS CONSTRUCTION GROUP, LLC.

35. Defendants, NJ ALE HOUSE, LLC, NJ ALE HOUSE II, LLC, NJ ALE HOUSE III, LLC, and Defendant, ATKINS CONSTRUCTION GROUP, LLC, collectively held themselves out to be Plaintiffs employers at the New Jersey locations referenced in paragraph "33," *supra*.

36. At all relevant times herein, Defendant, ATKINS CONSTRUCTION GROUP, LLC, performed other construction and renovation work at various other projects located in the State of New York.

37. At all relevant times herein, Defendant, ATKINS CONSTRUCTION GROUP, LLC, directly paid Plaintiffs, and directly supervised their work, during Plaintiffs shifts as laborers at the New York projects referenced in paragraph "36," *supra*.

38. At all relevant times herein, Plaintiffs work was performed in the normal course of Defendants business and did not involve executive or administrative responsibilities.

39. Plaintiff, JAN MLYNARSKI, was employed by Defendants from approximately September 15, 2019 through approximately September 1, 2022.

40. From approximately September 15, 2019, through approximately March 1, 2020, Plaintiff, JAN MLYNARSKI's, hourly rate was thirty-one dollars ("$31.00").

41. From approximately March 1, 2020, through approximately September 1, 2022, Plaintiff, JAN MLYNARSKI's, hourly rate was thirty-three dollars ("$33.00").

42. At relevant times herein, Plaintiff, JAN MLYNARSKI, worked six ("6") days a week from approximately 6:00 a.m. until approximately 5:00 p.m. On many days throughout his employment with Defendants, Plaintiff, JAN MLYNARSKI, worked past 5:00 p.m.

43. At relevant times herein, Plaintiff, JAN MLYNARSKI, was paid by check. The checks were often returned due to "insufficient funds."

44. Plaintiff, JAN MLYNARSKI's, pay was almost always delayed.

45. At all relevant times herein, Plaintiff, JAN MLYNARSKI, did not receive pay for all hours worked for Defendants.

46. At all relevant times herein, Plaintiff, JAN MLYNARSKI, did not receive overtime pay for all hours worked in excess of forty ("40") hours per week.

47. Plaintiff, JAN MLYNARSKI, never received a hiring notice or wage statements from Defendants.

48. Plaintiff, BOGUSLAW HUK, was employed by Defendants from approximately January 1, 2010 through approximately November 15, 2022.

49. From approximately January 1, 2010, through approximately January 1, 2020, Plaintiff, BOGUSLAW HUK's, hourly rate was thirty dollars ("$30.00").

50. From approximately January 1, 2020, through approximately November 15, 2022, Plaintiff, BOGUSLAW HUK's, hourly rate was thirty-five dollars ("$35.00").

51. At all relevant times herein, Plaintiff, BOGUSLAW HUK, worked six ("6") days a week from approximately 6:00 a.m. until approximately 6:00 p.m.

52. At all relevant times herein, Plaintiff, BOGUSLAW HUK, was paid by check. The checks were often returned due to "insufficient funds."

53. Plaintiff, BOGUSLAW HUK's, pay was almost always delayed.

54. At all relevant times herein, Plaintiff, BOGUSLAW HUK, did not receive pay for all hours worked for Defendants.

55. At all relevant times herein, Plaintiff, BOGUSLAW HUK, did not receive overtime pay for all hours worked in excess of forty ("40") hours per week.

56. Plaintiff, BOGUSLAW HUK, never received a hiring notice or wage statements from Defendants.

57. Defendants failure to pay Plaintiffs wages and overtime, as well as to provide them with hiring notices and wage statements, was willful and lacked a good faith basis.

58. Upon information and belief, throughout Plaintiffs employment, as well as before that time and continuing until this day, Defendants have likewise employed other individuals similarly situated to Plaintiffs who had duties and responsibilities which did not include any managerial aspects and did not require the exercise of independent judgment.

59. Defendants applied similar employment policies, practices, and procedures, to all Collective Action Members.

60. Upon information and belief, the Collective Action Members have worked in excess of forty ("40") hours per week, yet Defendants have likewise failed to pay the Collective Action Members overtime compensation of 150% of their regular hourly rate for all such hours in violation of the FLSA and the New Jersey Wage Payment Law and the New Jersey Wage Theft Law.

61. Upon information and belief, the Collective Action Members were not provided with hiring notices or wage statements.

62. Upon information and belief, while Defendants employed Plaintiffs and the Collective Action Members, Defendants failed to maintain accurate and sufficient time records or provide such records to their employees.

63. Upon information and belief, while Defendants employed Plaintiffs and the Collective Action Members, Defendants failed post any notices regarding overtime pay rights under the FLSA or the New Jersey Wage Payment Law and the New Jersey Wage Theft Law.

## **CAUSES OF ACTION**

### **FIRST CAUSE OF ACTION**
(Unpaid Overtime)
**Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.***

64. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

65. At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

66. At all relevant times, Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty ("40") hours per week at a rate of one-and-a-half times their regular rate in violation of 29 U.S.C. § 201 *et. seq.*

67. Defendants foregoing conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

68. As a result of the foregoing violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages,

interest, reasonable attorney's fees, as well as costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (Unpaid Overtime)
### NJ Rev. Stat. Sec. 34:11-56a4 *et. seq.*

69. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

70. At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, *et. seq.*, New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, *et. seq.*, and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, *et. seq.*

71. At all relevant times, Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty ("40") hours per week at a rate of one-and-a-half times their regular rate in violation of NJ Rev. Stat. Sec. 34:11-56a4 *et seq.*

72. Defendants foregoing conduct constituted a willful violation and lacked a good faith basis within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, *et. seq.*, New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, *et. seq.*, and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, *et. seq.*

73. As a result of the foregoing violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorney's fees, as well as costs and disbursements of this action, pursuant to New Jersey Wage Payment Law, N.J.S.A. 34:11-1, *et. seq.*, New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, *et. seq.*, and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, *et. seq.*

### THIRD CAUSE OF ACTION
(Unpaid Wages)
NJ Rev. Stat. Sec. 34:11-1 *et. seq.*

74. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

75. At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, *et. seq.*, New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, *et. seq.*, and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, *et. seq.*

76. At all relevant times, Defendants failed to pay Plaintiffs their wages for all hours worked in violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, *et. seq.*, New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, *et. seq.*, and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, *et. seq.*

77. Defendants foregoing conduct constituted a willful violation and lacked a good faith basis within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, *et. seq.*, New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, *et. seq.*, and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, *et. seq.*

78. As a result of the foregoing violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorney's fees, as well as costs and disbursements of this action, pursuant to New Jersey Wage Payment Law, N.J.S.A. 34:11-1, *et. seq.*, New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, *et. seq.*, and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, *et. seq.*

### FOURTH CAUSE OF ACTION
### (Failure to Provide Wage Statements)
### NJ Rev. Stat. Sec. 34:11-1 *et. seq.*

79. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

80. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing, among other information, the dates of work covered by that payment of wages; Plaintiffs' regular and overtime rates of pay; and the number of regular and overtime hours worked in violation of New Jersey Wage Payment Law, N.J.S.A. 34:11-1, *et. seq.*, New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, *et. seq.*, and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, *et. seq.*

81. Defendants foregoing conduct constituted a willful violation and lacked a good faith basis within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, *et. seq.*, New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, *et. seq.*, and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, *et. seq.*

82. As a result of the foregoing violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants a penalty pursuant to New Jersey Wage Payment Law, N.J.S.A. 34:11-1, *et. seq.*, New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, *et. seq.*, and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, *et. seq.*

### FIFTH CAUSE OF ACTION
### (Failure to Provide Hiring Notices)
### NJ Rev. Stat. Sec. 34:11-1 *et. seq.*

83. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

84. Defendants failed to furnish Plaintiffs at the time of hiring with a notice stating their rights as employees of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, *et. seq.*, the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, *et. seq.*, and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, *et. seq.*

85. Defendants foregoing conduct constituted a willful violation and lacked a good faith basis within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, *et. seq.*, the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, *et. seq.*, and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, *et. seq.*

86. As a result of the foregoing violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants a penalty pursuant to the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, *et. seq.*, the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, *et. seq.*, and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, *et. seq.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request the following:

87. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claim in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

88. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New Jersey Wage Payment Law, the New Jersey State Wage and Hour Law, as well as the New Jersey Wage Theft Law;

89. An injunction against Defendants and their officers, successors, agents, employees, and representatives, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

90. A compensatory award of unpaid compensation, at the statutory overtime rate, due to Plaintiffs and Collective Action Members under the FLSA and the New Jersey Wage Payment Law, the New Jersey State Wage and Hour Law, and the New Jersey Wage Theft Law;

91. A compensatory award of unpaid wages under the FLSA and the New Jersey Wage Payment Law, the New Jersey State Wage and Hour Law, and the New Jersey Wage Theft Law;

92. An award of liquidated damages as a result of Defendants willful failure to pay wages and statutory overtime compensation pursuant to 29 U.S.C. § 216;

93. An award of liquidated damages as a result of Defendants willful failure to pay wages and statutory overtime compensation pursuant to the New Jersey Wage Payment Law, the New Jersey State Wage and Hour Law, and the New Jersey Wage Theft Law;

94. An award of statutory penalties for Defendants failure to provide Plaintiffs with wage statements and hiring notices pursuant to the New Jersey Wage Payment Law, the New Jersey State Wage and Hour Law, and the New Jersey Wage Theft Law;

95. An award of back pay;

96. An award of punitive damages;

97. An award of pre-judgment and post-judgment interest;

98. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

Such other and further relief this Court deems just and proper.

Dated: February 1, 2023
       Brooklyn, New York

                                              JODRE BRENECKI, LLP

                                              Jordan Jodré, Esq.
                                              *Attorneys for Plaintiff*
                                              101 North 10th Street – Suite 303
                                              Brooklyn, New York 11249
                                              T: (516) 445-3622
                                              jordan@jodrebrenecki.com

# EXHIBIT "A"

# EXHIBIT "A"

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Defendants herein and its owners and affiliates to pay me, *inter alia*, my wages and overtime compensation as required under state and federal law. I also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided a copy of the Retainer Agreement with the law firm of Jodre Brenecki, LLP, and I agree to be bound by its terms.

Składając poniższy podpis, niniejszym upoważniam do wnoszenia i sądzenia roszczeń w moim imieniu w celu zakwestionowania niewypłacania przez Pozwanych w niniejszej sprawie oraz jej właścicieli i podmiotów stowarzyszonych, między innymi, mojego wynagrodzenia i wynagrodzenia za nadgodziny, zgodnie z wymogami prawa stanowego i prawo federalnego. Upoważniam niniejszym również do złożenia zgody w pozwie kwestionującym takie postępowanie oraz wyrażam zgodę na bycie wskazanym jako reprezentatywny powód w tym powództwie do podejmowania decyzji w imieniu wszystkich innych powodów we wszystkich aspektach tego pozwu. Otrzymałem kopię umowy o świadczenie usług z kancelarią adwokacką Jodre Brenecki, LLP i wyrażam zgodę na związanie się jej warunkami.

_____
BOGUSŁAW HUK

Sworn to before me on this 23rd day of January, 2023

_____
NOTARY PUBLIC

[Notary seal: NICOLE BRENECKI, NOTARY PUBLIC, STATE OF NEW YORK, Qualified in Queens County]

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Defendants herein and its owners and affiliates to pay me, *inter alia*, my wages and overtime compensation as required under state and federal law. I also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided a copy of the Retainer Agreement with the law firm of Jodre Brenecki, LLP, and I agree to be bound by its terms.

Składając poniższy podpis, niniejszym upoważniam do wnoszenia i sądzenia roszczeń w moim imieniu w celu zakwestionowania niewypłacania przez Pozwanych w niniejszej sprawie oraz jej właścicieli i podmiotów stowarzyszonych, między innymi, mojego wynagrodzenia i wynagrodzenia za nadgodziny, zgodnie z wymogami prawa stanowego i prawo federalnego. Upoważniam niniejszym również do złożenia zgody w pozwie kwestionującym takie postępowanie oraz wyrażam zgodę na bycie wskazanym jako reprezentatywny powód w tym powództwie do podejmowania decyzji w imieniu wszystkich innych powodów we wszystkich aspektach tego pozwu. Otrzymałem kopię umowy o świadczenie usług z kancelarią adwokacką Jodre Brenecki, LLP i wyrażam zgodę na związanie się jej warunkami.

_____
JAN MLYNARSKI

Sworn to before me on this ____ day of ____, 2023