**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BOGUSLAW HUK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NJ ALE HOUSE, LLC, et al., <br><br> Defendants. | Civil Action No. 23-568 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER**, District Judge

  This matter comes before the Court upon "Counter Defendants" The Art in Construction, LLC and Christos Panagiotopoulos' motion to dismiss claims brought against them by Defendants Atkins Construction Group, LLC and Grzegorz Chybowski (collectively, the "Atkins Defendants") and Defendants NJ Ale House, LLC, NJ Ale House II, LLC, NJ Ale House III, LLC, Kosta Gianopoulos and Anastasia Gianopoulos (collectively, the "Ale House Defendants"), (D.E. No. 67). The Plaintiffs brought this case against both the Atkins Defendants and the Ale House Defendants for violations of the Fair Labor Standards Act ("FLSA") and other New Jersey wage and hour laws relating to unpaid wages.

The claims brought by both the Atkins Defendants and the Ale House Defendants against The Art in Construction, LLC and Christos Panagiotopoulos, appear to assert various causes of action, including breach of contract, quantum meruit, unjust enrichment, breach of the covenant of good faith and fair dealing, and piercing the corporate veil, based upon contractual relations between the parties for work relating to the "Blu Ale House" project. The Court has reviewed The Art in Construction, LLC and Christos Panagiotopoulos' motion to dismiss and has concluded that, apart from the arguments raised in the papers submitted by all parties, there is a more fundamental problem which must be addressed.[1] The Art in Construction, LLC and Christos Panagiotopoulos contend that the claims brought against them by both the Ale House Defendants and the Atkins Defendants should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Their arguments are meritorious.

Here, the Ale House Defendants and the Atkins Defendants cannot meet their burden for the Court to retain jurisdiction over the claims made against The Art in Construction, LLC and Christos Panagiotopoulos. Indeed, there is neither an independent basis for jurisdiction nor supplemental jurisdiction as there is no "common nucleus of operative fact" linking Plaintiff's wage and hour claims against the Ale House Defendants and the Atkins Defendants, to the various contract and tort claims by the Ale House Defendants and the Atkins Defendants against The Art in Construction, LLC and Christos Panagiotopoulos.

Although Magistrate Judge Espinosa granted the Atkins Defendants leave to file "counterclaims" against The Art in Construction, LLC and Christos Panagiotopoulos, pursuant to Federal Rule of Civil Procedure 13(h), (D.E. No. 40), it is apparent to the undersigned that this

---

[1] The Court has considered the proposed Sur-Reply submitted by the Atkins Defendants. (D.E. No. 73.) The Court notes the arguments proffered in the proposed Sur-Reply do not change the Court's analysis.

was not permissible. The reason this was not permissible is because Rule 13(h) only allows a defendant to bring a non-party into a lawsuit as an added defendant to counterclaims when there are counterclaims asserted against the original plaintiffs. Under those circumstances, Rule 13(h) indicates the addition of defendants is governed by Rules 19 and 20 of the Federal Rules of Civil Procedure. However, none of these rules apply when the purported "counterclaims" do not assert any claims against the original plaintiffs. Therefore, the claims which the Atkins Defendants purport to assert as "counterclaims" against The Art in Construction, LLC and Christos Panagiotopoulos are simply not permissible under the Federal Rules.

It appears the Atkins Defendants originally attempted to pursue third-party claims against The Art in Construction, LLC and Christos Panagiotopoulos. (D.E. No. 28.) Rule 14 of the Federal Rules of Civil Procedure permits the assertion of third-party claims where a defendant contends the non-party is "liable to it for all or part of the claim against it." In other words, the third-party defendant must be alleged to be entirely responsible or in part responsible for any liability which the original defendant may owe to the plaintiffs. Indeed, "the crucial characteristic of a Rule 14 third-party claim is that the original defendant is attempting to transfer to the third-party defendant all or part of the liability asserted against him by the original plaintiff[.]" Williams v. Int'l Paper Co., 2024 WL 3858132, at *2 (D.N.J. Aug. 19, 2024) (citations omitted).

A review of both the "counterclaims" asserted by the Atkins Defendants against The Art in Construction, LLC and Christos Panagiotopoulos, and the subsequent "crossclaims" asserted by the Ale House Defendants against The Art in Construction, LLC and Christos Panagiotopoulos following their addition into this case, discloses that there is no contention that The Art in Construction, LLC or Christos Panagiotopoulos are in whole or in part responsible for any liability which the Atkins Defendants or the Ale House Defendants may owe to the Plaintiffs based upon

an alleged failure to pay regular and overtime wages in violation of the FLSA and other New Jersey wage and hour laws. Therefore, The Art in Construction, LLC and Christos Panagiotopoulos cannot be brought in as third-party defendants and the third-party claims are not sustainable jurisdictionally. Indeed, these claims are neither "counterclaims" as no claims were asserted against the Plaintiffs, nor apparent third-party claims as nothing in these claims seek to hold The Art in Construction, LLC and Christos Panagiotopoulos liable for the claims asserted by the Plaintiffs. In short, the claims against The Art in Construction, LLC and Christos Panagiotopoulos are not cognizable in this action.

The contention by the Atkins Defendants and the Ale House Defendants that the entire controversy doctrine somehow compels that they may pursue these claims is simply a non-sequitur. The entire controversy doctrine cannot create a basis for a federal cause of action and federal jurisdiction where none exists. The central consideration in the entire controversy doctrine is whether the claims "arise from related facts or the same transaction or series of transactions." DiTrolio v. Antiles, 662 A.2d 494, 502 (N.J. 1995). Indeed, the focus is on whether "a sufficient commonality of facts undergirds each set of claims to constitute essentially a single controversy that should be the subject of only one litigation." Fields v. Thompson Printing Co., 363 F.3d 259, 266 (3d Cir. 2004) (internal citation omitted). This doctrine is not applicable here.

Here, there is no "commonality of facts" as the facts required to prove Plaintiff's claims for violations of the FLSA and other New Jersey wage and hour laws, based upon the Atkins Defendants and the Ale House Defendants' failure to pay wages, are separate and distinct from the facts required to prove the Ale House Defendants and the Atkins Defendants' contract and tort claims against The Art in Construction, LLC and Christos Panagiotopoulos based upon the construction of the Blu Ale House Project. No party has alleged that The Art in Construction, LLC

4

and Christos Panagiotopoulos are joint-employers of the Plaintiffs and none of the claims asserted against The Art in Construction, LLC and Christos Panagiotopoulos seek to hold them liable for a failure to pay wages.

Moreover, neither the Ale House Defendants nor the Atkins Defendants have alleged what production of similar evidence or "duplication of proof" would occur if the claims were brought in separate suits. The Atkins Defendants' argument that The Art in Construction, LLC and Christos Panagiotopoulos' alleged misappropriation of funds or abandonment of the Blu Ale House Project is somehow related to Plaintiff's claims is unavailing. Even if The Art in Construction, LLC and Christos Panagiotopoulos abandoned the Blu Ale House Project, which "led to a funding issue which ultimately forced" the Atkins Defendants to leave the project and left Plaintiffs to work directly with the Ale House Defendants, the set of facts required for the different claims still do not substantially overlap to warrant bringing the claims together in a single lawsuit. (D.E. No. 71 at 14.) "[G]iven that two different sets of facts are relevant to the [] different types of claims, there is no reason to believe that the New Jersey courts would bar the [second] suit[.]" <u>Fields</u>, 363 F.3d at 266.

Therefore, it is on this 7th day of May, 2025, hereby **ORDERED** that the claims against The Art in Construction, LLC and Christos Panagiotopoulos are dismissed without prejudice. Should the Atkins Defendants or the Ale House Defendants believe they have a viable federal claim against The Art in Construction, LLC and Christos Panagiotopoulos based upon diversity jurisdiction, they are free to file it as an independent lawsuit. The Clerk's Office is hereby directed to terminate D.E. Nos. 67 and 73.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER, U.S.D.J.